# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MURIEL ELLEN FLOWERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil No. 18-cv-1373-RJD |
| COMMISSIONER of SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

## ORDER for ATTORNEY'S FEES

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b). (Doc. 32).

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted Plaintiff's application for benefits. The fee agreement between Plaintiff and her attorney (Doc. 32-1) provided for a fee of 25% of Plaintiff's past-due benefits. Plaintiff was found to be entitled to disability benefits beginning in April 2014, and the amount of past-due benefits is $133,278.00. The Commissioner withheld 25% of that amount ($32,373.00) for attorney's fees, subject to court approval. (Doc. 31-4).

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*. In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $8,726.55. (Doc. 31).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by Plaintiff, the amount of the past-due benefits and the value of the projected benefits, the Court concludes that $32,373.00 is a reasonable fee.

While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6. The Commissioner has filed a response indicating he does not oppose the fee request. (Doc. 33).

Wherefore, Plaintiff's Attorney's Motion for an Award of Attorney Fees **(Doc. 32)** is **GRANTED**. The Court awards Plaintiff's counsel David Sutterfield a fee of $32,373.00 (thirty-two thousand, three hundred and seventy-three dollars), to be paid by the agency from the past-due benefits. Upon receipt, counsel shall refund to Plaintiff the amount of the EAJA fee.

**IT IS SO ORDERED.**

**DATED: June 23, 2021**

s/ *Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**